■ In the Matter of the Accounting of HAIG COSTIKYAN, as a Trustee of Trust under Agreement of HILDA B. STOWE, Respondent. DAVID B. STOWE et al., Appellants; HENRY B. STOWE, an Infant by DANIEL J. BRICK, His Guardian ad Litem, Respondent. In the Matter of the Accounting of JOHN A. KEEFFE, as a Trustee of Trust under Agreement of HILDA B. STOWE, Respondent. MORRIS ORENSTEIN et al., Appellants.— Judgments, Supreme Court, New York County, entered on July 11, 1972 and July 13, 1972, respectively, in this accounting proceeding, unanimously modified, on the law, on the facts and in the exercise of discretion, insofar as they fixed the fees of the attorneys for the trustees and the guardian ad litem, by reducing said fees to $7,000 for the attorneys and $3,000 for the guardian ad litem in appeal No. [1], and to $3,000 for the attorneys and $1,250 for the guardian ad litem in appeal No. [2], and as so modified, each affirmed, with $60 costs and disbursements payable out of the estate to all parties filing briefs. The size of the estate permits adequate compensation but nothing beyond that. (*Matter of Martin,* 37 A D 2d 930.) The services of the attorneys in these matters and in the related appeal (*Matter of Stowe,* 41 A D 2d 523) were to a large extent similar, and based on the time and work involved, we believe that adequate compensation is provided by the fees now allowed. Concur — Kupferman, J. P., Lane, Steuer and Capozzoli, JJ.

■ In the Matter of JOHN C. MUSCATELLA, Petitioner, v. PATRICK V. MURPHY, as Police Commissioner of the City of New York, et al., Respondents.— Determination of the Police Commissioner of the City of New York, dated September 21, 1971, unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of reducing the punishment imposed from dismissal to suspension to the date of publication hereof, and, as so modified, confirmed, without costs and without disbursements. The finding that petitioner was guilty of two of the three specifications against him is supported by substantial evidence. Under the circumstances, however, the punishment imposed was excessive, especially when viewed in the light of petitioner's good service record dating back to December, 1962, and the nature of the charges. Even in proceedings involving more serious offenses " Our courts have heretofore revoked sentences of dismissal of employees with records of prior good service and substituted suspension. [Citing cases.] " (*Matter of Smith* v. *Murphy,* 38 A D 2d 931.) Concur — Markewich, J. P., Kupferman, Murphy, Lane and Capozzoli, JJ.